UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EASTERN BANK | ) | |
|  | ) | No: |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| CITIBANK, N.A. | ) | |
|  | ) | |
| Defendant | ) | |

## COMPLAINT

Eastern Bank, ("Eastern" or "Eastern Bank"), by and through its attorneys, complains of Citibank, N.A. ("Citibank") as follows:

## NATURE OF THE CASE

1. This action arises out of Citibank's attempts to shift the loss for two fraudulent checks drawn on a Citibank account to Eastern Bank. Citibank has unlawfully debited the amount of the first check ("Check #38671) from its depositor. Citibank's depositor has sued Citibank in the Southern District of New York for wrongful debiting of its account, and Citibank has without cause sought defense and indemnification of that action from Eastern Bank, which denied any obligation to defend or indemnify. Citibank has also requested defense and indemnity from other intermediary institutions which have, in turn, sought defense and indemnification from Eastern Bank. Citibank initially paid the amount of the second fraudulent check ("Check #49892) but has since debited Eastern Bank for that check. Eastern requests a declaratory judgment that (i) Eastern Bank owes no duties to Citibank arising out of the depositor's suit, (ii) Check #38671 is a forgery or counterfeit so that the loss properly rests on

Citibank; and (iii) Citibank's negligent failure to identify Check #38671 as counterfeit and to timely notify Eastern Bank caused Eastern's loss with respect to Check #49892.

**PARTIES**

2. Eastern Bank is a mutual trust company organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 265 Franklin Street, Boston, Massachusetts.

3. Citibank is a corporation organized under the laws of the State of Delaware with its principal place of business at 399 Park Avenue, New York, New York.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Eastern Bank and Citibank and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

5. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because claims in this dispute arise under 12 C.F.R. 229.1 et seq "Availability of Funds and Collection of Checks" (Regulation CC).

6. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) and (b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

**FACTS**

7. LJA Forwarding, Inc. is an Eastern Bank customer that maintains a business account at Eastern Bank (the "LJA Forwarding Account").

8. On Friday, October 24, 2008, a LJA Forwarding executive ("LJA Executive") deposited Check #38671 into the LJA Forwarding Account. Check #38671 was drawn on the Citibank account of Export Development Canada ("EDC") in the amount of $428,563.21 and dated October 23, 2008. Eastern forwarded Check #38671 for collection to a correspondent bank, Wachovia Bank, N.A. ("Wachovia"). Wachovia forwarded Check #38671 for collection to the Federal Reserve Bank system, which in turn forwarded it to Citibank. In this process Check #38671 was forwarded for collection and presented to Citibank on October 27, 2008.

9. On or about Monday, October 27, 2008, Citibank accepted Check #38671 for payment and debited EDC's account in the amount of $428,563.21. Citibank also credited the Federal Reserve Bank system, which in turn credited Wachovia, which in turn credited Eastern, which credited the LJA Forwarding Account in the amount of $428,563.21.

10. On October 28, 2008, LJA Forwarding initiated a wire transfer from the LJA Forwarding Account in the amount of $298,000.00 to the Bank of China. The next day, October 29, 2008, LJA Forwarding initiated a second wire transfer from the LJA Forwarding Account in the amount of $83,806.89 to CIMB Bank Berhad of Kuala Lumpur, Malaysia.

11. On Friday, October 31, 2008, the LJA Executive deposited Check #49892 into the LJA Forwarding Account. Check #49892 was drawn on the Citibank account of EDC in the amount of $998,767.28. Eastern forwarded Check #49892 for collection to Wachovia Bank. Wachovia forwarded Check #49892 for collection to the Federal Reserve Bank system, which in turn forwarded it to Citibank.

12. Citibank accepted Check #49892 for payment on November 3, 2008, and credited the Federal Reserve Bank, which in turn credited Wachovia, which in turn credited Eastern, which credited the LJA Forwarding Account in the amount of $998,767.28.

13. On November 4, 2008, LJA Forwarding initiated three wire transfers from the LJA Forwarding Account to the Bank of China, each in the amount of $299,630.18. The total amount of all the wire transfers described in this paragraph and paragraph 10 was $1,280,697.43.

14. On November 4, 2008, EDC notified Citibank that Check #38671 was not properly payable.

15. On November 5, 2008, Citibank notified Eastern Bank that Check #38671 was being "returned without entry" followed days later by a claim it was altered, and that Check #49892 was also being returned, stamped "Counterfeit". Citibank also debited Eastern Bank's account with the Federal Reserve Bank of Boston in amounts including the $998,767.28 for Check #49892.

16. Upon receipt of Citibank's notification, Eastern Bank contacted LJA Forwarding, which reported that a customer sent Check #38671 and Check #49892 with instructions to deposit the checks and report when the funds became available. When the funds became available, LJA Forwarding stated it contacted its customer who provided instructions for the wire transfers. LJA Forwarding stated it complied with these instructions.

17. Upon receipt of Citibank's notification, Eastern Bank also contacted the Bank of China and faxed a request to reverse the various wire transfers. On November 7, 2008, Bank of China advised Eastern Bank that the wires could not be reversed because the funds had already been withdrawn.

18. Eastern Bank also contacted the Federal Bureau of Investigation, the Secret Service, and the Lynn Police Department. On December 2, 2008 Eastern Bank released Check #38671 and Check #49892 to the Secret Service in Boston, Massachusetts. The two checks remain in the possession of law enforcement authorities.

19. Eastern Bank is currently pursuing recovery from Bank of China and CIMB Bank Berhad with respect to Check #38671 and Check #49892.

20. Check #38671 and Check #49892 are counterfeit or forged as opposed to altered.

21. Citibank has debited EDC the amount of Check #38671. Citibank has debited Eastern the amount of Check #49892.

22. EDC filed suit against Citibank in the United States District Court for the Southern District of New York on October 26, 2009 (the "Depositor Action"). In the Depositor Action, EDC alleges that Citibank debited its account in respect of Check #38671, that Check #38671 was an altered item, and that the check was therefore unauthorized and Citibank was not entitled to debit EDC's checking account.

23. In a letter to Eastern Bank dated November 10, 2009, Citibank tendered defense of the Depositor Action to Eastern Bank.

24. Eastern Bank declined the tendered defense in late November.

25. On January 12, 2010, Eastern Bank received a letter (the "Wachovia Letter") from Wachovia Bank. The Wachovia Letter enclosed a letter from the Federal Reserve Bank of Richmond to Wachovia dated December 15, 2009 (the "Federal Reserve Letter"). From the Federal Reserve Letter it appears that Citibank tendered the Depositor Action to the Federal Reserve Bank of Philadelphia which tendered the matter to the Federal Reserve Bank of Richmond. The Federal Reserve Letter in turn tenders the Depositor Action to Wachovia. In the Wachovia Letter, Wachovia demands that Eastern Bank defend and indemnify Wachovia with respect to the Depositor Action.

26. By letter dated January 15, 2010, Eastern Bank declined to accept tender of the Depositor Action.

# CLAIMS FOR RELIEF

## COUNT I

### Declaration that Eastern Bank owes no duties
### to Citibank arising out of the Depositor Action

27. Eastern Bank realleges and incorporates by reference the allegations of paragraphs 1-26 of this Complaint as fully set forth therein.

28. This action is brought under 28 U.S.C. § 2201 for a declaration regarding the alleged right of Citibank to defense and indemnity from Eastern Bank in relation to the Depositor Action.

29. An actual controversy exists between Eastern Bank and Citibank regarding Citibank's demand on Eastern Bank to defend and indemnify Citibank in the Depositor Action.

30. Under the Uniform Commercial Code § 4-401, Citibank may debit a customer's account only for amounts which are "properly payable". Check #38671 was not properly payable. Under the Uniform Commercial Code, the loss for a check that is not properly payable will rest with one of the banks involved, not the customer. Accordingly, Citibank was and is obligated to credit its customer EDC's account for the amount of Check #38671. If it had grounds to do so, Citibank may seek to shift the loss to another bank in separate proceedings. It may not, however, improperly refuse to credit its customer's account and then tender the defense of the matter to Eastern Bank or other banks because the Depositor Action is not "an action for breach of an obligation for which a third person is answerable over". See UCC § 3-119. Citibank's demand for defense and indemnity was therefore properly declined by Eastern Bank.

**WHEREFORE**, Eastern Bank requests that the Court issue a declaration that Eastern Bank is under no duty to provide Citibank with a defense or indemnification with respect to the Depositor Action.

# COUNT II

## Declaration of the Rights of the Parties Regarding Check #38671

31. Eastern Bank realleges and incorporates by reference paragraphs 1-30 of this Complaint as fully set forth therein.

32. This action is brought under 28 U.S.C. § 2201 for a declaration of the rights and duties of Citibank and Eastern concerning Check #38671.

33. An actual controversy exists between Eastern Bank and Citibank regarding whether Check #38671 was altered or forged or counterfeit and whether Citibank timely notified Eastern Bank of its determination not to pay Check #38671.

34. Under the Uniform Commercial Code § 3-417, a presenting bank warrants that a check "has not been altered." A presenting bank does not, however, warrant that a check is not forged or counterfeit.

35. Regulation CC provides standards for the timely notification by a paying bank to a depositary bank of the paying bank's determination not to pay a check.

36. Citibank has asserted that Check #38671 (unlike Check #49892) was "altered" and not "counterfeit." It is Eastern Bank's position that Check #38671 was not altered but was forged or counterfeit.

37. Eastern has no obligations to Citibank for Check #38671 as a forged or counterfeit check. Citibank breached its duties to Eastern Bank under the UCC and Regulation CC with respect to Check #38671 as a forged or counterfeit item.

**WHEREFORE**, Eastern Bank requests that this Court issue a declaration that Eastern Bank has no obligations to Citibank for Check #38671.

## COUNT III

## Declaration of the Rights of the Parties Regarding Check #49892

38. Eastern Bank realleges and incorporates by reference paragraphs 1-37 of this Complaint as fully set forth therein.

39. This action is brought under 28 U.S.C. § 2201 for a declaration of the rights and duties of Citibank to Eastern concerning Check #49892.

40. An actual controversy exists between Eastern Bank and Citibank regarding whether Citibank's negligent failure to identify Check #38671 as counterfeit and timely notify Eastern Bank caused Eastern Bank's loss with regard to Check #49892. Had Citibank not breached its duties to Eastern Bank, including those under the UCC and Regulation CC, in respect of Check #38671, Eastern Bank would have been able to avoid all loss associated with Check #49892. Eastern Bank is therefore entitled to collect from Citibank any loss resulting from Check #49829 as well as Eastern Bank's costs in pursuing mitigation of those losses in the event that Eastern Bank is unable to recover from Bank of China and CIMB Bank Berhad.

**WHEREFORE**, Eastern Bank requests that this Court issue a declaration that that Citibank has breached its duties to Eastern Bank in respect of Check #38671, and that this breach caused harm to Eastern Bank, respecting Check #49829, for which it is entitled to collect damages to the extent necessary to make Eastern Bank whole.

    EASTERN BANK

    By its attorneys,

    */s/ J. David Leslie*_____
    J. David Leslie BBO #294820
    dleslie@rackemann.com
    Eric A. Smith BBO #546244
    esmith@rackemann.com
    Jesse W. Abair BBO #668791
    jabair@rackemann.com
    Rackemann, Sawyer & Brewster, P.C.
    160 Federal Street
    Boston, MA 02110
    (617) 542-2300